IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACK E. HOWTON,

                Plaintiff,

    v.                              CASE NO. 05-3300-SAC

DOUG RULE, et al.,

                Defendants.

### O R D E R

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983. Plaintiff filed this action while confined in Kentucky on federal criminal charges, and seeks damages from three Kansas defendants for their alleged violation of his constitutional rights. Plaintiff names Kansas Highway Troopers Doug Rule and Travis Phillips as defendants, and alleges their September 2003 stop and search of a van in which plaintiff was riding violated the Fourth Amendment. Plaintiff also names Ellis County jailer Larry Whitman as a defendant, and alleges this officer interrogated plaintiff in violation of plaintiff's rights under the Fifth Amendment and <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

The court reviewed plaintiff's allegations and directed plaintiff to show cause why the complaint should not be dismissed without prejudice pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Having reviewed plaintiff's response, the court finds the complaint should be dismissed.

Pursuant to Heck, a prisoner cannot bring a § 1983 action to directly challenge his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87.

Here, plaintiff does not contest that evidence obtained during the alleged deprivation of his rights is related and significant to his conviction on federal criminal charges in Kentucky,[1] and that a favorable judgment on the claims asserted against defendants Rule and Phillips in the instant § 1983 complaint would necessarily implicate the validity of plaintiff's current detention. Although plaintiff reiterates his contention that these officers illegally stopped and searched his van, absent a showing that his conviction has been overturned, plaintiff's claim for damages against these two defendants in their individual capacity is barred by Heck.[2]

As for plaintiff's claim for damages against defendant Whitman, plaintiff cites a judicial recognition in plaintiff's Kentucky case

---

[1] U.S. v. Howton, Case No. 03-CR-00035-JHM-ERG (W.D.Kentucky, Judgment and Commitment Order February 28, 2006), *appeal pending*.

[2] Plaintiff does not contest the court's finding that plaintiff's claim for damages against each of the defendants in their official capacity should be dismissed. *See* Edelman v. Jordan, 415 U.S. 651, 663 (1974)(Eleventh Amendment bars suits in federal court against the states and against state officers in their official capacities for money damages); Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). *See also* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978)(liability under § 1983 against a county employee in their official capacity requires a showing of a causal link between an official policy or custom and the plaintiff's injury).

that this officer's questioning of plaintiff at the jail violated plaintiff's rights under the Fifth Amendment. It appears the prosecution in plaintiff's Kentucky case stipulated that any statements made by plaintiff during Officer Whitman's interrogation were not admissible because this questioning proceeded notwithstanding plaintiff's invocation of his right to an attorney.

Nonetheless, the fact that plaintiff's statements were never introduced against him in a judicial proceeding defeats plaintiff's Fifth Amendment claim. *See* Bennett v. Passic, 545 F.2d 1260, 1263 (10th Cir. 1976)(Miranda requires only that any confession made absent advice of rights be excluded from evidence). The appropriate remedy for a Miranda violation is the exclusion of evidence, not a § 1983 claim for damages. Id. *See also* Chavez v. Martinez, 538 U.S. 760, 767 (2003)("Statements compelled by police interrogations of course may not be used against a defendant at trial, but it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs.")(citations omitted); Giuffre v. Bissell, 31 F.3d 1241, 1256 (3rd Cir. 1994)(Fifth Amendment protects against compelled self incrimination in a criminal prosecution; Miranda right to counsel during custodial interrogation is merely a procedural safeguard and not a substantive right). The court thus finds plaintiff's allegations against Officer Whitman state no claim upon which relief can be granted under 42 U.S.C. § 1983.

Accordingly, the court concludes the complaint should be dismissed as stating no claim for relief. The dismissal is with prejudice on all claims but for plaintiff's claim for damages

against defendants Rule and Phillips in their individual capacity.

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief, and that the dismissal of plaintiff's claims against defendants Rule and Phillips in their individual capacity is without prejudice.

**IT IS SO ORDERED.**

DATED:  This 27th day of July 2006 at Topeka, Kansas.


     s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge